WERN v. BROOKLYN UNION COAL CO.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

SUBROGATION (§ 23*)—RIGHTS OF AGENT—CLAIM AT LAW.

    Where plaintiff, acting as agent and manager of a corporation, receipted to defendant, for the corporation, on a contract for an amount greater than plaintiff had received, and paid such additional sum to his principal, plaintiff was subrogated to his principal's right at law to recover the balance so receipted for, and not paid, from defendant.

    [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Gust. Pers. Wern against the Brooklyn Union Coal Company. From a judgment in favor of defendant, after a trial by the court, plaintiff appeals. Reversed, and new trial granted.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Allan Lee Smidt, of New York City, for appellant.
Edward Cahn, of New York City, for respondent.

GERARD, J. Plaintiff brought this action to recover from the defendant the sum of $374 and interest for money paid by him to the Mead Morrison Manufacturing Company for a debt due to it from the defendant. The defendant rested without offering any evidence, and the learned justice ordered judgment for the defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears that, at the time of the occurrences involved in this action, plaintiff was a stockholder in the Mead Morrison Manufacturing Company and manager of one of its departments, and as such had dealings for the company with the defendant, and on behalf of the Mead Morrison Company he made a contract with the defendant for work amounting to $2,062.50, and had charge of the collection of the money due. The plaintiff claims that by mistake he receipted on behalf of the Mead Morrison Manufacturing Company to the defendant for $374 more than he received from the defendant on behalf of the Mead Morrison Manufacturing Company; that he paid the $374 to the Mead Morrison Manufacturing Company, and this sum of $374 plaintiff alleges was never paid to him by the defendant; and he claims that he is entitled to be subrogated to the rights of the Mead Morrison Company to recover this sum of $374 from the defendant—claiming the benefit of the rule of law that, where an agent by mistake incurs a specified obligation to the benefit of his principal, he is subrogated to the rights of the principal against those primarily liable to the principal; and the sole question to be determined on this appeal is whether or not the plaintiff is entitled to such right of subrogation.

It would seem that in this state this remedy of subrogation, originally supposed to be confined to actions of an equitable nature, has been extended to actions at law. Judge Vann, in Arnold v. Green, 116 N. Y. 571, 23 N. E. 2, said:

"The remedy of subrogation is no longer limited to sureties and quasi sureties, but includes so wide a range of subjects that it has been called a mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it."

And in Dunlop v. James, 174 N. Y. 411, 67 N. E. 60:

"It would seem that it is now the recognized rule in this state that the rule of subrogation may be extended to actions at law."

The judgment herein must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.