■ JIMMY SHAO, Respondent, v 39 COLLEGE POINT CORP. et al., Respondents, and YU JU SU, Appellant. [766 NYS2d 75] —In an action, inter alia, to recover damages for fraud, the defendant Yu Ju Su appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated June 7, 2002, as denied her motion for summary judgment dismissing the second and third causes of action in the complaint insofar as asserted against her and all cross claims insofar as asserted against her, and as granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is granted, that branch of the cross motion which was for leave to serve an amended complaint is denied, the second and third causes of action and all cross claims are dismissed insofar as asserted against the defendant Yu Ju Su, and the second and third causes of action insofar as asserted against the remaining defendants is severed.

On September 7, 1999, the plaintiff entered into a contract with the defendant 39 College Point Corp. (hereinafter 39 College Point), to purchase the corporation's real property located

at 133-04 39th Avenue in Flushing, Queens. The defendant Yu Ju Su (hereinafter Su) signed the contract on behalf of 39 College Point, purportedly in her capacity as president of 39 College Point. In its examination of title, the title company retained by the plaintiff discovered that a document had been filed two years earlier in the Queens County office of the City Register listing the names of the officers of the corporation and declaring that the signatures of two officers, including the secretary, were required in order to sell corporate property. Yu Ju Su was not listed on this document as an officer of the corporation. When 39 College Point failed to close, the plaintiff commenced this action, inter alia, to recover damages arising out of her allegedly fraudulent misrepresentation that she was the president of 39 College Point and authorized to sign the contract.

In order to recover damages for fraud, a plaintiff must prove (1) a misrepresentation or a material omission of fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]). In addition, "[w]here a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he [or she] cannot claim justifiable reliance on [the] defendant's misrepresentations" (*Stuart Silver Assoc. v Baco Dev. Corp.,* 245 AD2d 96, 98-99 [1997]; *see Pinney v Beckwith,* 202 AD2d 767, 768 [1994]). In this case, it is clear that the plaintiff cannot establish the required element of justifiable reliance upon the alleged misrepresentation by Yu Ju Su that she was the president of the corporation. In addition to the fact that a readily available public document setting forth a list of the true corporate officers existed, the plaintiff's deposition testimony established that he failed to take any action either before or after the contract signing to ascertain the identities of the corporate officers. Accordingly, the second and third causes of action to recover damages arising out of the alleged misrepresentation, should have been dismissed (*see Shui Ching Chan v Bay Ridge Park Hill Realty Co.,* 213 AD2d 467, 469 [1995]; *Parkway Woods v Petco Enters.,* 201 AD2d 713 [1994]; *Ponzini v Gatz,* 155 AD2d 590 [1989]). Moreover, since the cross claims of 39 College Point and the defendant Golden Choice Realty, Inc. arose from the same alleged misrepresentation, they also must be dismissed.

The Supreme Court improvidently exercised its discretion in

granting the plaintiff's cross motion for leave to serve an amended complaint adding Yu Ju Su's father, Wann Lai Su, as a named defendant. Although the plaintiff had been aware of Wann Lai Su's identity as an officer of 39 College Point as early as the date of the title report, he inexcusably waited some two years after the commencement of the action and some two months after the filing of his note of issue and statement of readiness before seeking leave to add Wann Lai Su as a defendant. Moreover, the plaintiff's submissions on the cross motion failed to show that he had a meritorious cause of action against Wann Lai Su. Accordingly, the plaintiff's cross motion should have been denied (see *Rose v Velletri*, 202 AD2d 566, 567 [1994]; cf. *Nissenbaum v Ferazzoli*, 171 AD2d 654 [1991]). Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.