■ HOWARD MICHAELSON et al., Respondents, v PAUL ALBORA et al., Defendants, and NANCY ALBORA et al., Appellants. [785 NYS2d 515]—

In an action, inter alia, to recover damages for breach of a fiduciary duty and fraud, the defendants Nancy Albora and S.

Randall Goat appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated June 10, 2003, as denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for breach of a fiduciary duty and fraud insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Paul R. Slayton sought to purchase an uncompleted portion of an office condominium complex called Heritage Square known as "Cluster C." In order for Slayton to make this purchase, all of the unit owners in the complex were required to consent to the transaction. The plaintiffs Richard Firestone and Howard Michaelson testified at their respective examinations before trial that at a meeting of the condominium's board of managers (hereinafter the board), the board decided that a unit owner, the defendant Steven Fuchs, would negotiate with Slayton and return to the board with any offers that were tendered. Slayton mailed a letter to each unit owner offering between $10,000 and $12,000 for the transfer of their rights pertaining to Cluster C. The defendant unit owners did not accept this offer and negotiated confidential agreements in which they would receive additional money from Slayton. The defendants Nancy Albora and S. Randall Goat were members of the board at the time these agreements were made.

The plaintiffs commenced this action, inter alia, to recover damages for breach of a fiduciary duty and fraud, alleging, among other things, that Nancy Albora and Goat, as members of the board, breached their respective fiduciary duties to the plaintiffs by making an agreement with Slayton to receive additional payments and that the defendants Paul Albora, Nancy Albora, and Goat (hereinafter collectively the defendants) committed fraud by misrepresenting their intention to negotiate collectively and by failing to disclose their separate agreements. The defendants moved for summary judgment arguing that they did not owe a fiduciary duty to the plaintiffs, nor did they commit fraud, because it was evident that unit owners did not agree that the board was negotiating on behalf of them in this transaction. The Supreme Court denied the motion, in part, finding, inter alia, that as members of the board, the defendants Nancy Albora and Goat owed fiduciary duties to the plaintiffs and an issue of fact existed concerning the breach of these duties. The Supreme Court also found that an issue of fact existed as to the defendants' alleged fraud.

The board of managers of a condominium complex owes a fi-

duciary duty to its members to act in good faith when transacting business or handling property on behalf of unit members (*see Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills,* 193 AD2d 322 [1993]). The appellants made a prima facie showing that the members of the board were not acting on behalf of the unit owners in negotiating the sale of Cluster C through an affidavit of Fuchs and, therefore, did not owe fiduciary duties to the plaintiffs. In opposition, the plaintiffs raised a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]), by demonstrating through deposition testimony that the board designated Fuchs to negotiate the deal on behalf of the unit owners who were advised not to negotiate with Slayton individually. In addition, the plaintiffs presented deposition testimony relating to a breach of the fiduciary duty in the form of self dealing on the part of Nancy Albora and Goat (*see Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, supra*), who did not divulge to the unit owners their confidential agreements with Slayton.

As to the cause of action to recover damages for fraud, the defendants made a prima facie showing that they did not commit fraud (*see Shao v 39 Coll. Point Corp.,* 309 AD2d 850 [2003]; *Cayuga Partners v 150 Grand,* 305 AD2d 527 [2003]). In opposition, the plaintiffs raised a triable issue of fact. The plaintiffs presented proof that the defendants made material misrepresentations that they would negotiate on behalf of all the unit owners and that the individual unit owners should not negotiate on their own with Slayton. In addition, the defendants' failure to disclose that they were entering into agreements with Slayton to sell their rights for amounts greater than that which was being offered to the plaintiffs was an omission of a material fact. The plaintiffs also presented proof that the defendants' misrepresentations and omissions were made for the purpose of inducing them to refrain from individually negotiating with Slayton and, as a result, the plaintiffs sustained damages. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur. [*See* 196 Misc 2d 517.]