WILLBERRY CORPORATION et al., Appellants, v IRVING SCHWARTZ et al., Respondents. [814 NYS2d 537]—

In an action to recover damages for fraud and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated January 31, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages for fraud and breach of fiduciary duty based on the alleged failure of the defendant Irving Schwartz, who was the accountant of the plaintiff corporation, to disclose a purported conflict of interest, i.e., that he was also a co-executor of the estate of a shareholder of the corporation. The plaintiffs contend that they suffered losses and setbacks in their business venture due to the purported conflict of interest and nondisclosure, as well as Schwartz's delay in turning over requested financial information and other purported unauthorized acts.

Schwartz and his accounting firm (hereinafter the defendants) made a prima facie showing of their entitlement to summary judgment by demonstrating that there was no evidence that the actions complained of by the plaintiffs were " 'a substantial factor' in causing an identifiable loss" (*Gibbs v Breed, Abbott & Morgan,* 271 AD2d 180, 189 [2000], quoting *Milbank, Tweed, Hadley & McCloy v Chan Cher Boon,* 13 F3d 537, 543 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants' actions had any causal connection to the lack of success of their business venture (*see Laub v Faessel,* 297 AD2d 28, 31 [2002]; *Gibbs, supra* at 189; Prosser and Keeton, Torts § 41, at 263 [5th ed]). Further, the defendants demonstrated that the evidence submitted in opposition to the motion was insufficient to establish the necessary elements of a fraud cause of action (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]; *802 F Realty Corp. v American Intl.*

*Specialty Lines Ins. Co.,* 295 AD2d 398 [2002]), and the plaintiffs failed to raise a triable issue of fact, inter alia, as to whether they suffered any damages attributable to the defendants' actions. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.