■ John DeRaffele, Appellant, v 210-220-230 Owners Corp., Respondents. [823 NYS2d 202]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 5, 2005, as granted that branch of the motion of the defendants 210-220-230 Owners Corp., Joseph DeChicco, Gary Drago, Paul Tucci, Robert Mallon, Sandy Slotter, Grace Knoles, Josh Bisignano, and Finger & Finger, P.C., which was to dismiss the complaint insofar as asserted against them, and granted that branch of the separate motion of the defendant Linda Darin which was to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants 210-220-230 Owners Corp., Joseph DeChicco, Gary Drago, Paul Tucci, Robert Mallon, Sandy Slotter, Grace Knoles, Josh Bisignano, and Finger & Finger, P.C.

The plaintiff's claims in this action are based on his contention that he is a holder of unsold shares appurtenant to certain apartments in the defendant cooperative apartment corporation, 210-220-230 Owners Corp. (hereinafter the Cooperative). We have rejected that contention in *210-220-230 Owners Corp. v DeRaffele* (33 AD3d 788 [2006] [decided herewith]).

In any event, with respect to the cause of action to recover damages for breach of fiduciary duty, the plaintiff failed to allege sufficient specific facts (*see* CPLR 3016 [b]) that the actions of the individual defendants, who are members of the Cooperative's Board of Directors, were undertaken in bad faith (*see*

*Hochman v 35 Park W. Corp.*, 293 AD2d 650 [2002]), or that any damages were attributable to their actions (*see Willberry Corp. v Schwartz*, 29 AD3d 899 [2006]). The plaintiff made only conclusory allegations of emotional distress, harassment, or humiliation (*see Stone v Aronwald & Pykett*, 275 AD2d 706 [2000]); accordingly, the cause of action to recover damages for breach of fiduciary duty was properly dismissed.

With respect to the plaintiff's claim that the Cooperative breached a prior agreement that the shares appurtenant to the apartments he owns would be considered unsold shares, the plaintiff was not a party to that agreement so that he could enforce it against the Cooperative (*see Hoffman v Unterberg*, 9 AD3d 386, 388 [2004]).

Finally, conspiracy cannot stand as a separate cause of action (*see Kestenbaum v Suroff*, 268 AD2d 560 [2000]).

Accordingly, the Supreme Court properly dismissed the complaint.

The plaintiff's remaining contentions are either not properly before this Court or without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.