■ 210-220-230 OWNERS CORP., Respondent, v JOHN DE-RAFFELE, Appellant. [822 NYS2d 776]—

In an action, inter alia, for a judgment declaring that the defendant is not a holder of unsold shares of the plaintiff, appurtenant to certain cooperative apartments, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered July 15, 2005, which denied his motion, inter alia, for a preliminary injunction restraining the plaintiff from interfering with his renting or selling certain cooperative apartments, and granted the plaintiff's cross motion, in effect, for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant is not a holder of unsold shares of the plaintiff, appurtenant to certain cooperative apartments.

The parties in this case dispute whether the defendant is a holder of unsold shares of the plaintiff, appurtenant to several cooperative apartments. With respect to all but one of the cooperative apartments in contention, the issue was decided against the defendant by order of the Supreme Court, Westchester County, dated January 20, 2004, in a prior action entitled *DeRaffele v 210-220-230 Owners' Corp.,* commenced under index

No. 14940/03, in Westchester County. Accordingly, with respect to all of the units except for the unit known as 210 Pelham Road, apartment 6M, the defendant is now barred by the doctrine of res judicata from pursuing his current contention that he is a holder of unsold shares appurtenant to the subject apartments (*see Matter of Hodes v Axelrod*, 70 NY2d 364 [1987]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Fogel v Oelmann*, 7 AD3d 485 [2004]; *CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530 [1999]; *Coliseum Towers Assoc. v County of Nassau*, 217 AD2d 387 [1996]).

Although the doctrine of res judicata does not bar the defendant's contention in this litigation that he is a holder of unsold shares appurtenant to 210 Pelham Road, apartment 6M, we conclude that the plaintiff made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the defendant failed to raise a triable issue of fact.

The defendant's remaining contentions are either not properly before this Court or without merit.

Since this action, in part, seeks a declaratory judgment, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant is not a holder of unsold shares of the plaintiff, appurtenant to certain cooperative apartments (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.