■ APOLLO H.V.A.C. CORPORATION, Appellant, v HALPERN CONSTRUCTION, INC., et al., Respondents, et al., Defendants. [867 NYS2d 115]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered June 27, 2007, which granted the motion of the defendants Halpern Construction, Inc., and Jason M. Halpern for summary judgment dismissing the 18th cause of action alleging common-law fraud against the defendant Jason M. Halpern.

Ordered that the order is affirmed, with costs.

The plaintiff Apollo H.V.A.C. Corporation (hereinafter Apollo) was a subcontractor for two renovation projects on properties owned by the defendants Savoy Little Neck Associates, Limited Partnership, and Savoy Boro Park Associates, Limited Partnership (hereinafter together Savoy). The defendant Jason M. Halpern (hereinafter Halpern) was the sole owner and principal officer of the defendant Halpern Construction, Inc. (hereinafter HCI), the general contractor on the renovation projects. Prior to completion of the work, Savoy terminated the contracts with HCI and commenced an action against HCI to recover damages for alleged contract violations (hereinafter the termination action). HCI filed mechanic's liens against the two Savoy properties, which included amounts due Apollo, and asserted counterclaims against Savoy in the termination action. Apollo and Savoy entered into a separate agreement whereby Apollo continued to work directly for Savoy on one of the projects and agreed not to file a mechanic's lien in exchange for Savoy's agreement to pursue Apollo's claim for payment against HCI in the termination action.

Approximately 3½ years after commencement of the termination action, HCI and Savoy agreed to settle that action, without monetary recovery by either party, by discontinuing their respective claims against each other, with prejudice. HCI did not notify Apollo prior to the settlement. Apollo commenced this action to recover amounts due for work performed on the Savoy properties, asserting, inter alia, a cause of action seeking to hold Halpern personally liable for fraud (the 18th cause of ac-

tion). The Supreme Court granted the motion of HCI and Halpern for summary judgment dismissing that cause of action. We affirm.

"To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury" (*Small v Lorillard Tobacco Co.,* 94 NY2d 43, 57 [1999]). Here, HCI and Halpern established their prima facie entitlement to judgment as a matter of law dismissing the 18th cause of action. HCI and Halpern demonstrated that neither of them knowingly made any misrepresentations to Apollo with the intent to induce Apollo's reliance. In opposition, Apollo failed to raise a triable issue of fact (*see Waterman v Weinstein Mem. Chapel,* 49 AD3d 717, 718 [2008]; *Del Vecchio v Nassau County,* 118 AD2d 615, 617-618 [1986]).

Apollo further contends that it is in a fiduciary relationship with Halpern by reason of HCI's management of a trust fund under Lien Law § 70, that, as such, Halpern had a duty of full disclosure to Apollo which included the obligation to inform Apollo of the settlement, and that Halpern breached that fiduciary obligation and committed fraud by settling the termination action without advising Apollo. That argument is also without merit.

Under article 3-A of the Lien Law, Apollo was a beneficiary and HCI was the trustee of a trust funded by all property received by HCI and any right of action against Savoy in connection with the construction contracts (*see* Lien Law §§ 70, 71; *Aspro Mech. Contr. v Fleet Bank,* 1 NY3d 324, 328 [2004]; *Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor,* 97 NY2d 256, 262 [2002]). A cause of action alleging fraud against a fiduciary may be premised upon a material omission of fact that is known to be false and made for the purpose of inducing the other party to rely upon it (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]; *Spencer v Green,* 42 AD3d 521, 522 [2007]). A corporate officer may be held personally liable for a tort of the corporation if he or she committed or participated in its commission, whether or not his or her acts are also by or for the corporation (*see Greenway Plaza Off. Park v Metro Constr. Servs.,* 4 AD3d 328, 329-330 [2004]; *Fleck v Perla,* 40 AD2d 1069, 1070 [1972]).

Essential to the fraud claim, however, is proof that the allegedly fraudulent omission was a substantial factor in causing identifiable loss to the plaintiff (*see Willberry Corp. v Schwartz,* 29 AD3d 899 [2006]). Here, HCI and Halpern demonstrated, prima facie, that the failure to notify Apollo of the settlement of the termination action did not induce Apollo to do or to refrain

from doing anything to its detriment. Apollo, in opposition, failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the motion of HCI and Halpern for summary judgment dismissing the 18th cause of action.

Apollo's remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.