■ JAF Partners, Inc., et al., Respondents, v Rondout Savings Bank, Appellant. [898 NYS2d 496]—

In an action to recover damages for fraud, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 11, 2009, as denied its motion for summary judgment dismissing the cause of action sounding in fraud.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the cause of action sounding in fraud is granted.

In 2006 the plaintiffs JAF Partners, Inc., and Landex, Inc., commenced this action against the defendant Rondout Savings Bank, alleging that the defendant knowingly assisted the plaintiffs' president in carrying out an embezzlement scheme. In 2008 the Supreme Court dismissed two of the three causes of action. Following discovery, the Supreme Court denied the defendant's motion for summary judgment dismissing the remaining cause of action, which sounded in fraud.

The defendant's motion for summary judgment dismissing the cause of action sounding in fraud should have been granted. "In order to recover damages for fraud, a plaintiff must prove (1) a misrepresentation or a material omission of fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (*Shao v 39 Coll. Point Corp.*, 309 AD2d 850, 851 [2003]). Here, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact with respect to either scienter or justifiable reliance (*see Apollo H.V.A.C. Corp. v Halpern Constr., Inc.*, 55 AD3d 855, 857 [2008]; *Spencer v Green*, 42 AD3d 521, 522-523 [2007]; *Shao v 39 Coll. Point Corp.*, 309 AD2d at 851; *cf. Giant Group v Arthur Andersen LLP*, 2 AD3d 189, 190 [2003]).

Moreover, the plaintiffs' contention that the defendant improperly withheld certain documents, and is therefore responsible for any gaps in the plaintiffs' proof, is without merit. The plaintiffs filed a note of issue and a certificate of readiness, which stated both that disclosure was complete and that there were no outstanding discovery requests. Accordingly, they cannot now complain about the adequacy of the defendant's disclosure (*see Iscowitz v County of Suffolk*, 54 AD3d 725 [2008]; *Melcher v City of New York*, 38 AD3d 376, 377 [2007]; *Simpson v City of New York*, 10 AD3d 601, 602 [2004]).

In light of our determination, we need not consider the parties' remaining contentions. Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.