■ MARCEL GOLDBERGER, Respondent, v JANUSZ E. RUDNICKI et al., Defendants, and MOUNT KISCO MEDICAL GROUP, P.C., Appellant. [944 NYS2d 157]—

In an action, inter alia, to recover damages for conversion, the defendant Mount Kisco Medical Group, P.C., appeals from stated portions of an order of the Supreme Court, Putnam County (Nicolai, J.), dated November 16, 2010, which, inter alia, denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (3) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action seeking to impose a constructive trust and for an accounting and the claim for punitive damages insofar as asserted against the defendant Mount Kisco Medical Group, P.C., and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Marcel Goldberger, formerly shared a medical practice with the defendant Janusz E. Rudnicki. The plaintiff alleges that Rudnicki failed to follow through on his agreement to purchase the plaintiff's 50% interest in their medical practice and instead transferred, inter alia, the practice's money, accounts receivable, and equipment to the defendant Putnam Obstetrics & Gynecology, P.C., which in turn transferred these items to the defendant Mount Kisco Medical Group, P.C. (hereinafter Mount Kisco Medical), where Rudnicki is now employed. The defendants' motion, inter alia, pursuant to CPLR 3211 (a) (3) and (7) to dismiss the plaintiff's complaint was denied in its entirety, and Mount Kisco Medical now appeals from so much of the order as denied those branches of the motion which related to it. We modify.

Mount Kisco Medical's argument with regard to standing is without merit, as the injury alleged is personal to the plaintiff himself (*see Glenn v Hoteltron Sys.*, 74 NY2d 386, 392 [1989]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against Mount Kisco Medical.

The Supreme Court did not err in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to

dismiss the cause of action alleging conversion insofar as asserted against Mount Kisco Medical. The complaint sufficiently alleged that Mount Kisco Medical intentionally, and without authority, assumed or exercised control over, inter alia, equipment, money, and accounts receivable belonging in part to the plaintiff (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]; *State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259-260 [2002]; *see also Batsidis v Batsidis*, 9 AD3d 342, 343 [2004]).

However, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action seeking to impose a constructive trust insofar as asserted against Mount Kisco Medical. The complaint does not allege that Mount Kisco Medical and the plaintiff had a confidential or fiduciary relationship, nor does it allege that the plaintiff ever transferred an interest in reliance on any promise made by that defendant (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]).

Since the plaintiff did not allege that he shared a confidential or fiduciary relationship with Mount Kisco Medical, the Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action for an accounting insofar as asserted against that defendant (*see LoGerfo v Trustees of Columbia Univ. in City of N.Y.*, 35 AD3d 395, 397 [2006]).

Moreover, the allegations in the complaint do not support the imposition of punitive damages against Mount Kisco Medical (*see Walker v Sheldon*, 10 NY2d 401, 404-405 [1961]). Therefore, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss that claim insofar as asserted against Mount Kisco Medical should have been granted.

Mount Kisco Medical's remaining contentions are without merit. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.