Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 7, 2012, which, insofar as appealed *480 from as limited by the briefs, granted defendant’s motion for summary judgment dismissing plaintiffs’ first action (index No. 106380/02), and pursuant to CPLR 3211 to dismiss the causes of action in the second action (index No. 110697/10) alleging breach of the covenant of good faith and fair dealing, breach of fiduciary duty, for a declaratory judgment that the construction of a roof garden on the subject building would constitute a breach of the lease and that the putative lease amendment would not bind plaintiffs, and for a permanent injunction, unanimously affirmed, with costs.
The court properly dismissed the first action wherein plaintiffs, the tenants-shareholders of a penthouse apartment in defendant cooperative’s residential building, seek an order permanently enjoining defendant from constructing a garden on the roof of the building. Plaintiffs failed to show entitlement to the very “narrow” protections afforded by the frustration-of-purpose doctrine (Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 265 [1st Dept 2004]). The absence of a roof garden, and the inability of defendant to subsequently install one, was clearly not “so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense” (id.). The proprietary lease was the same one used by defendant for all of the cooperative members, the entire remainder of whom were largely unaffected by the presence or absence of a roof garden. Moreover, plaintiffs entered into the lease knowing that a majority vote by the cooperative’s shareholders could result in the very garden they claim the lease’s purpose was to prevent.
As to the second action, the court properly dismissed the claim alleging breach of the covenant of good faith and fair dealing. The lease gave defendant the right to solicit changes to its terms, defendants did so and, only after the change was approved by an overwhelming majority of the coop, did defendants alter the lease. Plaintiffs may not use the doctrine to negate a right of defendant expressly granted by the lease (Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 268 [1st Dept 2003] [“(w)hile the covenant of good faith and fair dealing is implicit in every contract, it cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights”]). Plaintiffs cannot overcome this well-settled law by asserting, without any support, that defendant acted in bad faith when it solicited the lease amendment.
For the same reason, plaintiffs’ reliance on their assertion of bad faith to maintain their breach of fiduciary duty claim fails. Plaintiffs allege no specific facts in support of the claim, relying *481 instead upon conclusory allegations of harassment by defendant (see DeRaffele v 210-220-230 Owners Corp., 33 AD3d 752 [2d Dept 2006], lv denied 8 NY3d 814 [2007]).
The court correctly dismissed the declaratory judgment cause of action as advisory or premature, and defendant is not seeking a declaration in its favor on this appeal. Concur — Friedman, J.P., Richter, Feinman and Gische, JJ. [Prior Case History: 2012 NY Slip Op 30548(11).]