OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that the branches of defendant’s motion seeking summary judgment dismissing plaintiffs second, third and fourth causes of action are granted; as so modified, the order is affirmed, without costs.
*44 Plaintiff was employed by the New York Racing Association (NYRA) as a pari-mutuel clerk at Belmont Park Raceway. In that capacity, she accepted and collected payment for wagers from customers on behalf of the NYRA, and paid out winnings to customers. On July 25, 2011, plaintiff counted the money in her drawer at the commencement of her work shift, and again when the shift ended, but not in between. When her shift ended, plaintiff discovered that she was short $910.64. Pursuant to the terms of her employment, plaintiff paid that sum to the NYRA. In this action, plaintiff seeks to recover from defendant the principal sum of $880, based on defendant’s alleged underpayment for bets he placed. The complaint includes separate causes of action for breach of contract, conversion, and willful misrepresentation. Additionally, plaintiff seeks to recover the sum of $6,320 on a fourth cause of action for punitive damages.
In his answer, defendant denied the allegations of the complaint, and, following discovery, he moved pursuant to CPLR 3212 for summary judgment dismissing the complaint. In his affidavit in support of his motion, defendant confirmed that on July 25th, he had transacted bets at plaintiffs window and that the amount of some of his winning tickets had been applied to his subsequent bets. Defendant stated that on three or four occasions during the day, after he had transacted a series of bets at her window, he and plaintiff had paused to ascertain that he did not owe the NYRA money, and that the NYRA did not owe him money. Defendant recounted that about 15 minutes after he and plaintiff had reviewed their transactions and established that all was in order, plaintiff called defendant to her window and claimed that he owed money. Based on plaintiff’s log of transactions, defendant noted that plaintiff had handled over 700 transactions for the four-hour period in question. He asserted that plaintiffs shortages could have resulted from “any of the hundreds of transactions she handled before and after mine,” and denied responsibility for plaintiff’s shortage. Defendant also noted that pari-mutuel clerks at Belmont Park Raceway are not permitted to issue betting tickets unless they receive payment in advance. Thus, defendant asserted, in effect, that he was entitled to summary judgment dismissing the complaint because, based on the evidence, there did not exist a material issue of fact as to whether he owed money. Additionally, defendant argued that he was entitled to summary judgment dismissing the first cause of action, for breach of contract, because he had never been in a contractual relationship with *45 plaintiff; to summary judgment dismissing the second cause of action, for conversion, because it was duplicative of the breach of contract cause of action and because defendant had never had possession or control of any money that belonged to plaintiff; to summary judgment dismissing the third cause of action, for willful misrepresentation, because plaintiff had failed to plead any particulars of misrepresentation and because there was no evidence of misrepresentation; and to summary judgment dismissing the fourth cause of action, for punitive damages, because, among other things, there was no evidence that defendant’s actions had evinced a “high degree of moral turpitude” or “wanton dishonesty.”
Plaintiff opposed defendant’s motion. In her affidavit submitted in opposition to the motion, plaintiff asserted that few other customers had come to her window on July 25th besides defendant, and that defendant had made a large number of bets during each transaction. Plaintiff described a scenario in which, while placing bets but before paying for them, defendant had demanded the results of prior races. She asserted that to obtain that information, she was obligated temporarily to exit the sale screen of her computer, and that, at one point, the movement between screens caused a glitch to occur in her computer system. As a result, instead of paying her $1,839.60 for bets placed, but not paid for, defendant only paid her $959, leaving a balance due of $880.60. Plaintiff further asserted that she was short an additional $30 for tickets that had been issued but did not print out properly.
Plaintiffs first cause of action was for breach of contract. The unrefuted evidence showed that defendant had only dealt with plaintiff in her capacity as an agent of the NYRA. “ ‘Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties’ ” (CDJ Bldrs. Corp. v Hudson Group Constr. Corp., 67 AD3d 720, 722 [2009], quoting Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 104 [2009]). “A person making or purporting to make a contract with another as an agent for a disclosed principal does not become a party to the contract absent an agreement or indication to that effect” (2A NY Jur 2d, Agency and Independent Contractors § 330). Thus, the parties were not in privity and defendant did not breach an express contract with plaintiff. Nor can plaintiff, in her capacity as agent for a disclosed principal, sue to enforce the contract that she entered into with defendant on behalf of her disclosed principal (see *46 generally 2A NY Jur 2d, Agency and Independent Contractors § 380).
Nevertheless, we conclude that plaintiff may properly maintain this cause of action. Plaintiffs pleading and opposing affidavit, while inartfully worded, allege facts demonstrating that defendant owed money to the NYRA, which sum plaintiff paid to the NYRA. Thus, even though in her interactions with defendant, plaintiff acted at all times as an agent of the NYRA, upon her payment to the NYRA of the sums she alleges defendant owed her disclosed principal, the NYRA, she became subrogated to the rights of the NYRA, with which defendant had a, contractual relationship (see Wern v Brooklyn Union Coal Co., 79 Misc 35 [App Term, 1st Dept 1913]; see also Peoples Commercial Bank v Greene Distrib., 149 AD2d 774, 775 [1989]). In view of the foregoing, we find no basis to grant defendant summary judgment dismissing plaintiffs first cause of action.
Plaintiffs second cause of action is for conversion. “Generally, a tort cause of action that is based upon the same facts underlying a contract claim will be dismissed as a mere duplication of the contract cause of action . . . particularly where, as here, both seek identical damages” (Duane Reade v SL Green Operating Partnership, LP, 30 AD3d 189, 190 [2006]). Additionally, although money from a specific, identifiable fund may constitute the subject of a cause of action for conversion (see Goldberger v Rudnicki, 94 AD3d 1047 [2012]; Thys v Fortis Sec. LLC, 74 AD3d 546 [2010]; see also Independence Discount Corp. v Bressner, 47 AD2d 756 [1975]), we conclude that the second cause of action seeks merely to recover an allegedly unpaid debt, and does not seek to recover money from a discrete, identifiable fund so as to form the proper subject of a cause of action for conversion. Consequently, we find that defendant was entitled to summary judgment dismissing plaintiffs second cause of action.
Plaintiff’s third cause of action is for willful misrepresentation. To recover on that cause of action, plaintiff would be required to establish a misrepresentation or a material omission of fact which was false and known to be false by defendant, that the misrepresentation was made for the purpose of inducing plaintiff to rely upon it, justifiable reliance by plaintiff on the misrepresentation or material omission, and injury {see Shao v 39 Coll. Point Corp., 309 AD2d 850, 851 [2003]). In his motion papers, defendant recounted bona fide efforts to reconcile the amounts he had paid for wagers and been paid in winnings with the amounts that had been due to the *47 NYRA. In our opinion, defendant thus established, prima facie, his entitlement to summary judgment dismissing the cause of action for willful misrepresentation. In opposition, plaintiff failed to raise a triable issue of fact as to scienter (see JAF Partners, Inc. v Rondout Sav. Bank, 72 AD3d 898, 899 [2010]; Apollo H.V.A.C. Corp. v Halpern Constr., Inc., 55 AD3d 855, 857 [2008]). Consequently, defendant was entitled to summary judgment dismissing the third cause of action.
Plaintiffs fourth cause of action is for punitive damages. “ ‘[A] demand for punitive damages does not amount to a separate cause of action in a complaint’ ” (Davis v Mutual of Omaha Ins. Co., 167 AD2d 714, 715 [1990], quoting Catalogue Serv. of Westchester v Insurance Co. of N. Am., 74 AD2d 837, 838 [1980]; see also Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616 [1994]; Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 618 [2012]; Entler v Koch, 85 AD3d 1098, 1102 [2011]). Consequently, defendant was entitled to summary judgment dismissing the fourth cause of action. We note, however, that punitive damages are generally not recoverable in a breach of contract action, unless the conduct associated with the breach of contract is actionable as an independent tort “ ‘aimed at the public generally’ ” and evincing a “ ‘high degree of moral turpitude’ and demonstrating ‘such wanton dishonesty as to imply a criminal indifference to civil obligations’ ” (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d at 613, quoting Walker v Sheldon, 10 NY2d 401, 404-405 [1961]; see also New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]; London v Kroll Lab. Specialists, Inc., 91 AD3d 79, 82 [2011]).
Accordingly, the order is modified by providing that the branches of defendant’s motion seeking summary judgment dismissing plaintiffs second, third and fourth causes of action are granted.
Nicolai, EJ., Iannacci and Marano, JJ., concur.