ISRAEL LEBOVITS, Also Known as GEORGE I. LEBOVITS, Appellant, v GERSHON BASSMAN et al., Defendants, and SOVEREIGN BANK, Respondent. [992 NYS2d 316]—

In an action, inter alia, to set aside a recorded mortgage on the ground of fraud and to recover damages for fraud and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated August 29, 2012, which granted the motion of the defendant Sovereign Bank pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

"On a motion to dismiss, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Applying this standard here, the plaintiff failed to state a cause of action against the defendant Sovereign Bank (hereinafter Sovereign) to set aside a recorded mortgage on the ground of fraud and to recover damages for fraud and unjust enrichment.

The plaintiff is a member of BLT Monroe, LLC (hereinafter BLT Monroe), a limited liability company that is the lessee of a shopping center located in Orange County, owned by Bassman Family, LLC (hereinafter Bassman). In the third cause of action, the plaintiff seeks to set aside a mortgage that was recorded in connection with the parcel of property on which the shopping center was erected, given by Bassman, as mortgagor, to Sovereign, as mortgagee. The plaintiff contends that the mortgage should be set aside because Sovereign is not a bona fide encumbrancer for value, inasmuch as Bassman allegedly committed a fraud upon Sovereign by failing to inform Sovereign of the leasehold interest in the subject property held by BLT Monroe and BLT Monroe's option to purchase the subject property.

The elements of a cause of action based on fraud are "a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury" (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]). The misrepresentation may be in the form

of an omission of a material fact (*see Michaelson v Albora*, 12 AD3d 648, 650 [2004]). Although the question of what constitutes reasonable reliance is usually fact-intensive (*see Schlaifer Nance & Co. v Estate of Warhol*, 119 F3d 91, 98 [2d Cir 1997]), where the plaintiff alleges only that the defendant omitted a material fact when making a representation to another party, the plaintiff has failed to state a cause of action against either the representor or the representee (*cf. DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147 [2010]). Although a mortgagee such as Sovereign is not a bona fide encumbrancer where, despite being aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue, it fails to make such inquiries (*see Thomas v LaSalle Bank N.A.*, 79 AD3d at 1017), here, the plaintiff did not and cannot allege that it relied on any misrepresentation or omission of fact made by Bassman to Sovereign, and the plaintiff did not allege that Sovereign itself committed a fraud. Accordingly, the Supreme Court properly directed the dismissal of the third cause of action insofar as asserted against Sovereign Bank.

The Supreme Court also properly directed the dismissal of the fourth and fifth causes of action, which sought to recover damages in quasi-contract, insofar as asserted against Sovereign. Specifically, the fourth cause of action sought to recover money had and received, while the fifth cause of action alleged unjust enrichment.

"The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money" (*Goel v Ramachandran*, 111 AD3d 783, 790 [2013]; *see Matter of Witbeck*, 245 AD2d 848, 850 [1997]). In his complaint, the plaintiff did not identify any corpus of funds that belonged to him or BLT Monroe, or which was supposed to be paid to him or BLT Monroe but was instead paid to Sovereign.

In a cause of action to recover damages for unjust enrichment, "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]). The plaintiff, in his complaint, did not identify any money that was retained by Sovereign at his expense and, in any event, "[a]lthough privity is not required for an unjust enrichment claim, a claim will not be supported if the connec-

tion between the parties is too attenuated" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 182; *see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516-517 [2012]; *Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007]). In this case, the alleged connection between the parties, as set forth in the complaint, is too attenuated to support such a cause of action. Thus, the plaintiff failed to state a cause of action against Sovereign for money had and received, or to recover damages for unjust enrichment.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted Sovereign's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Rivera, J.P., Leventhal, Austin and Roman, JJ., concur.