15-3834-cv
Cohen v. BMW Investments L.P.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of August, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

RICHARD COHEN,

                    *Plaintiff-Appellant*,

            v.                                            15-3834-cv

BMW INVESTMENTS L.P.,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Jay B. Itkowitz, Itkowtiz PLLC (Allen Kohn, *on the brief*), New York, NY.

Appearing for Appellee:     Jason Gerstein, DLA Piper LLP (US) (Richard F. Hans, Andrew J. Rodgers, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Richard Cohen appeals from the October 30, 2015 opinion and order of the United States District Court for the Southern District of New York (Cote, *J.*) dismissing his complaint against BMW Investments L.P. for failure to state a claim. *Cohen v. BMW Investments L.P.*, 144 F. Supp. 3d 492 (S.D.N.Y. 2015). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cohen first argues that the district court erred in dismissing his claim for unjust enrichment. "An unjust enrichment claim is rooted in the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (internal quotation marks omitted). To adequately plead such a claim under New York law, "the plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Id.* (internal quotation marks omitted). Unjust enrichment "is available only in unusual situations when . . . circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). A claim for money had and received shares many of the same elements: "(1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." *Lebovits v. Bassman*, 992 N.Y.S.2d 316, 318 (2d Dept. 2014) (internal quotation marks omitted).

The amended complaint does not plead any relationship between Cohen and BMW whatsoever, and thus the district court correctly held that Cohen failed to state a claim upon which relief can be granted. Recent New York Court of Appeals decisions hold that the nexus between the parties is too attenuated where, as here, the parties "simply had no dealings with each other," *Georgia Malone*, 19 N.Y.3d at 517–18. In addition, BMW could not be unjustly enriched by accepting a repayment that it was entitled to receive. Cohen could not plausibly allege that BMW had any reason to believe that it was being repaid with the proceeds of a fraud against Cohen. As a result, principles of equity and good conscience also weigh against Cohen's claims.

We construe Cohen's second argument as seeking a remand with direction to the district court to allow him to replead for the purpose of alleging claims for conversion and replevin. As Cohen did not seek to amend his complaint below, we cannot conclude that the district court abused its discretion in not granting him leave to amend. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (rejecting "a broad rule to the effect that, in the case of a counseled plaintiff, abuse of discretion will be found and the case remanded whenever a district court fails to provide for repleading"). Moreover, the district court gave Cohen the opportunity to amend his complaint in response to the defendant's motion, and Cohen did so, without adding the claims he now seeks to include.

We have considered the remainder of Cohen's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk