Cascardo v Cascardo (2018 NY Slip Op 05441)





Cascardo v Cascardo


2018 NY Slip Op 05441


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-01308
 (Index No. 103537/11)

[*1]Debra Cascardo, appellant, 
v
Russell Cascardo, respondent.


Hagan, Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for appellant.
Vishnick McGovern Milizio LLP, Lake Success, NY (Avrohom Gefen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated January 8, 2016. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against her brother, inter alia, to recover damages for fraud and breach of fiduciary duty in connection with powers of attorney executed by the parties' father, naming the defendant as his attorney-in-fact. The plaintiff alleges that the defendant fraudulently induced their father to execute a number of powers of attorney, and then used the powers of attorney to sell bonds jointly owned by the plaintiff and their father, close the father's various bank accounts, write checks and carry on banking transactions in the father's name, and obtain the father's social security and pension benefits. The defendant moved, among other things, for summary judgment dismissing the complaint, and the Supreme Court granted that branch of the motion.
In response to the defendant's prima facie showing of entitlement to judgment as a matter of law dismissing the complaint, made through admissible evidence, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 559). The plaintiff failed to present evidence that the defendant committed fraud or used duress or undue influence in connection with the powers of attorney executed by their father or any transaction where he acted as their father's attorney-in-fact, and failed to otherwise present a genuine issue of fact (see generally Ginsburg Dev. Cos., LLC v Carbone, 134 AD3d 890, 892-893; JAF Partners, Inc. v Rondout Sav. Bank, 72 AD3d 898).
The plaintiff's remaining contentions are not properly before this Court.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the complaint.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court