Nieves-Schein v Permitech, Inc. (2024 NY Slip Op 03179)

Nieves-Schein v Permitech, Inc.

2024 NY Slip Op 03179

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-03107
 (Index No. 206/20)

[*1]Victor Nieves-Schein, et al., appellants,
v
Permitech, Inc., et al., respondents, et al., defendant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellants.
William F. Chimeri, Freeport, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for professional malpractice and negligent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), dated March 21, 2022. The order denied the plaintiffs' motion for summary judgment on the issue of liability against the defendants Permitech, Inc., and Kurt Jacobs and granted those defendants' cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The defendant Valentina Dichiara owned certain premises located in Levittown. In July 2018, Dichiara contracted with the plaintiff Victor Nieves-Schein for the sale of the premises. At the time they entered into the contract, the premises had open permits related to construction that had to be closed out before the sale could be completed.
Dichiara retained the defendants Kurt Jacobs and Permitech, Inc. (hereinafter Permitech, and together with Jacobs, the professional defendants), to close out the permits and file papers to allow for the Town of Hempstead to issue a certificate of completion. The professional defendants filed "as built drawings" and supplemental documents that contained various misrepresentations as to the condition of the premises, and the Town issued a certificate of completion. Nieves-Schein and his wife, the plaintiff Kelly McCue, later learned that the certificate of completion did not reflect the condition of the premises and that prior construction had not been completed in accordance with plans and specifications. Much of the work that was certified required modification or repair.
In February 2020, the plaintiffs commenced this action against Jacobs. In March 2021, the plaintiffs filed an amended complaint, adding Permitech and Dichiara as defendants and asserting causes of action to recover damages for professional malpractice, negligent misrepresentation, and fraud against the professional defendants. The plaintiffs moved for summary judgment on the issue of liability against the professional defendants, and the professional defendants cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated March 21, 2022, the Supreme Court denied the plaintiffs' motion and granted the professional defendants' cross-motion. The plaintiffs appeal.
There is no dispute that the professional defendants did not have a written agreement with the plaintiffs. Nonetheless, causes of action alleging professional malpractice and negligent misrepresentation may be pursued where there is no privity between the parties if the "bond between them [is] so close as to be the functional equivalent of privity" (Perfetto v CEA Engrs., P.C., 114 AD3d 835, 836; see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424; Ramsarup v Rutgers Cas. Ins. Co., 98 AD3d 494, 496). Here, the professional defendants established, prima facie, that they did not have a relationship with the plaintiffs that approached the functional equivalent of privity (see Ginsburg Dev. Cos., LLC v Carbone, 134 AD3d 890, 894; Perfetto v CEA Engrs., P.C., 114 AD3d at 836). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the professional defendants' general awareness that the premises were being sold and that their drawings and documents were to be used to further the sale of the premises does not constitute a relationship with the plaintiffs that approached the functional equivalent of privity, since the plaintiffs were not known parties to the professional defendants (see Sykes v RFD Third Ave. 1 Assocs., LLC, 15 NY3d 370, 373; Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 553).
The professional defendants also established, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action alleging fraud. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation . . . and damages" (Eva Chen Fine Jewelry, Inc. v Recovery Racing IX, LLC, 222 AD3d 840, 842 [internal quotation marks omitted]). Here, the evidence reveals that the drawings and documents were made by the professional defendants for the purpose of obtaining the certificate of completion from the Town. The drawings and documents were submitted to the Town, which issued the certificate of completion, and the plaintiffs became aware of them only after the sale of the premises had been completed. The professional defendants were not aware that the plaintiffs were planning on purchasing the premises at the time they created and submitted the drawings and documents. Thus, contrary to the plaintiffs' contention, the professional defendants established that the misrepresentations were not made with the intent to induce the plaintiffs' reliance thereon and that the plaintiffs did not rely on them (see Apollo H.V.A.C. Corp. v Halpern Const., Inc., 55 AD3d 855, 857; cf. Robles v Patel, 165 AD3d 858, 860). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability against the professional defendants and granted the professional defendants' cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court