BAC Home Loan Servicing, LP v Moreno (2020 NY Slip Op 02377)





BAC Home Loan Servicing, LP v Moreno


2020 NY Slip Op 02377


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11419N 382072/09

[*1]BAC Home Loan Servicing, LP, formerly known as Countrywide Home Loans Servicing LP, Plaintiff-Appellant,
v
Roland Moreno, Defendant-Respondent, Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Bank FSB, et al., Defendants.


Friedman Vartolo LLP, New York (Zachary Gold of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens (Matthew J. Routh of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 26, 2015, which denied plaintiff's motion for a default judgment and an order of reference, and sua sponte deemed the action abandoned and dismissed the complaint pursuant to CPLR 3215(c), unanimously affirmed, without costs.
To the extent that the order sua sponte dismissed the complaint, that portion of the order is not appealable as of right (see Sholes v Meagher, 100 NY2d 333, 335 [2003]). However, given the nature of the motion court's sua sponte relief in dismissing the complaint, and in the interest of deciding appeals on the merits, we sua sponte deem the notice of appeal to be a motion for leave to appeal, and grant such leave (see Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]; CPLR 5701[c]).
Nevertheless, we find that the court providently exercised its discretion in denying plaintiff's motion for entry of a default judgment and referral of the action to foreclose on a residential mortgage, and dismissed the action pursuant to CPLR 3215(c). The court's May 7, 2015 residential foreclosure status conference order, made only after the case lay dormant for many years, required plaintiff to file a motion for an order of reference within 60 days, and appear at a final status conference on June 29, 2015 for proof of compliance. It also warned that failure to comply could result in dismissal. Plaintiff then waited until September 11, 2015 to move for an order of reference and a judgment of foreclosure and sale.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK