Bhim v Platz (2022 NY Slip Op 04531)

Bhim v Platz

2022 NY Slip Op 04531

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-00637
 (Index No. 20791/08)

[*1]Jane Bhim, et al., appellants, 
v
John Platz, etc., defendant, Donna Marchant, et al., respondents.

Marcel Weisman, New York, NY (Rhona A. Silverman of counsel), for appellants.
Heidell Pittoni Murphy & Bach LLP, New York, NY (Daniel S. Ratner of counsel), for defendant and for respondents (one brief filed).

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered November 19, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants Donna Marchant and North Shore University Hospital and against them on the issue of liability and for a new trial, and for a judgment declaring that defense counsel perpetrated a fraud upon the court.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2005, the plaintiff Jane Bhim (hereinafter the patient) underwent a medical procedure at the defendant North Shore University Hospital (hereinafter North Shore). Immediately after the procedure, various complications ensued and, as a result, the patient underwent multiple treatments and surgeries at North Shore.
Thereafter, the patient, and her spouse suing derivatively, commenced this action, among other things, to recover damages for medical malpractice against North Shore and the defendant Donna Marchant (hereinafter together the defendants), and the matter proceeded to a jury trial in the Supreme Court on that cause of action. During his summation, defense counsel displayed to the jury a printed enlargement of what purported to be an excerpt of the verbatim trial testimony of the plaintiffs' expert witness. Defense counsel emphasized that, on cross-examination, the witness had responded affirmatively to a particular question, which consisted of two parts, separated by intervening colloquy among the attorneys and the court. During jury deliberations, it came to light that the printed enlargement had excised not only the intervening colloquy but also the second portion of the subject question. The court then suspended deliberations, informed the jury that the demonstrative reproduction of the testimony was incorrect, provided the jury with a read-back of the correct testimony, and reminded the jury that summations do not constitute evidence.
Thereafter, the plaintiffs' counsel requested, inter alia, that the Supreme Court strike the defendants' answer and direct a verdict in favor of the plaintiffs or, alternatively, grant a mistrial, on the basis that defense counsel had perpetrated a fraud on the court by misrepresenting the testimony of the plaintiffs' expert witness during his summation. The court denied the application.
The jury returned a verdict in favor of the defendants. The plaintiffs moved, among other things, pursuant to CPLR 4404(a) to set aside the verdict and for a new trial in the interest of justice, on the ground that they were deprived of a fair trial as a result of defense counsel's presentation of the inaccurate reproduction of the trial testimony, and pursuant to CPLR 3001 for a judgment declaring that defense counsel had committed a fraud on the court by virtue of the aforementioned conduct. By order entered November 19, 2018, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion. The plaintiffs appeal.
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1231 [internal quotation marks omitted]). In considering such a motion, a trial judge must decide "whether substantial justice has been done" and "whether it is likely that the verdict has been affected," and must rely on his or her own "common sense, experience and sense of fairness" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [internal quotation marks omitted]; see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 676).
Misconduct amounting to a fraud on the court "involves wilful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process so serious that it undermines the integrity of the proceeding" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318 [alterations and internal quotation marks omitted]; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1141). "[I]n order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his [or her] adversary's defense of the action" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320 [internal quotation marks omitted]; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d at 1141). "A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and falsification of documents[,] concerns issues that are central to the truth-finding process" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320-321 [internal quotation marks omitted]; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d at 1141).
Here, while defense counsel's misrepresentation of the subject trial testimony during his summation was, at a minimum, inexcusably careless, it did not constitute a fraud on the court. Generally, an isolated incident of misconduct will not rise to the level of a fraud on the court (see CDR Créances S.A.S. v Cohen, 23 NY3d at 319-323), particularly where, as here, the alleged fraud occurred in the context of a summation, which does not constitute evidence.
Absent fraud, litigants are still "entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (Rodriguez v City of New York, 67 AD3d 884, 886; see Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d 938, 940). Here, defense counsel's conduct was "not so pervasive or prejudicial as to have deprived [the plaintiffs] of a fair trial" (Fortune v New York City Hous. Auth., 201 AD3d 705, 708). Furthermore, the Supreme Court effectively cured any prejudice to the plaintiffs that may have resulted from defense counsel's conduct by suspending deliberations, advising the jury that the reproduction of the subject testimony in defense counsel's demonstrative exhibit was incorrect, providing the jury with the correct testimony, and reminding the jury that summations are not evidence (see Shehata v Koruthu, 201 AD3d 761, 763; Fekry v New York City Tr. Auth., 75 AD3d 616, 617; cf. Cohn v Meyers, 125 AD2d 524, 527-28). Accordingly, a new trial was not warranted.
The declaratory relief sought by the plaintiffs was properly denied, inasmuch as it did not relate to a dispute between the parties "involving substantial legal interests for which a declaration of rights [would] have some practical effect" (Chanos v MADAC, LLC, 74 AD3d 1007, 1008), and thus no "justiciable controversy" existed (CPLR 3001; see Matter of United Water New Rochelle v City of New York, 275 AD2d 464, 466; Board of Coop. Educ. Servs., Nassau County v Goldin, 38 AD2d 267, 271).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court