Matter of Festa v Town of Oyster Bay (2022 NY Slip Op 06126)

Matter of Festa v Town of Oyster Bay

2022 NY Slip Op 06126

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-05991
2020-06255
 (Index No. 606199/20)

[*1]In the Matter of Meredith Festa, etc., appellant,
v
Town of Oyster Bay, et al., respondents.

Richard Bruce Rosenthal, Huntington Station, NY (Kate M. Cifarelli of counsel), for appellant.
Frank M. Scalera, Town Attorney, Oyster Bay, NY (Matthew M. Rozea and Donna Swanson of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Oyster Bay to humanely destroy a certain dog, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated August 3, 2020, and (2) an order of the same court, also dated August 3, 2020. The order and judgment granted that branch of the respondents' motion which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied the petition, and dismissed the proceeding. The order denied the petitioner's motion for a preliminary injunction.
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that the appeal from the order is dismissed as academic in light of our determination on the appeal from the order and judgment; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On June 20, 2020, the Town of Oyster Bay and Town of Oyster Bay Animal Shelter (hereinafter together the respondents) determined, pursuant to Agriculture and Markets Law § 374(2) and the Town's animal control and adoption policy, to humanely destroy an abandoned dog of which it had custody. The following day, a nonparty individual with no claimed relationship to the dog purported to create a trust for the care of the dog pursuant to EPTL 7-8.1, into which she deposited the sum of $100, and named the petitioner, Meredith Festa, as trustee.
The petitioner commenced the instant proceeding pursuant to CPLR article 78, inter alia, to review the respondents' determination to humanely destroy the dog. The respondents moved, among other things, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition for lack of standing. By order and judgment dated August 3, 2020, the Supreme Court granted that branch of the motion, denied the petition, and dismissed the proceeding. In a separate order, also dated August 3, 2020, the court denied the petitioner's motion for a preliminary injunction. The petitioner appeals.
"Under the common law, . . . a 'court has no inherent power to right a wrong unless thereby the civil, property or personal rights of the plaintiff in the action or the petitioner in the proceeding are affected'" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772, quoting Schieffelin v Komfort, 212 NY 520, 530; see Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 50). "Thus, if the issue of standing is raised, a party challenging governmental action must meet the threshold burden of establishing that it has suffered an 'injury in fact' and that the injury it asserts 'fall[s] within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the [government] has acted'" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d at 50, quoting New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). "The injury-in-fact requirement necessitates a showing that the party has an actual legal stake in the matter being adjudicated and has suffered a cognizable harm that is not tenuous, ephemeral, or conjectural but is sufficiently concrete and particularized to warrant judicial intervention" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d at 50 [citation and internal quotation marks omitted]; see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 214; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772).
Here, the petitioner has failed to meet that burden. The petitioner did not claim to have any ownership or possessory interest in the dog, but merely wished to take possession of the dog so as to attempt to locate an adoptive home. Thus, no personal or property right of the petitioner, in her individual capacity, would be affected by the Supreme Court's determination of this proceeding. Rather than asserting a concrete and particularized injury-in-fact, the petitioner has merely identified a tenuous and ephemeral harm insufficient to provide her with standing. The petitioner fares no better in her status as trustee, since the trust, which was created by a grantor with no ownership or other legally cognizable interest in the dog, did not serve to create in the trustee any such interest in the dog, so as to give the trustee an actual legal stake in the matter being adjudicated. Rather, the trust merely gave the petitioner beneficial title in the "Trust Estate" (i.e., $100 and any further assets added thereto or income derived therefrom) (see generally Restatement [Third] of Trusts 3d §§ 2, 3; Bogert's The Law of Trusts and Trustees § 1).
Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition for lack of standing, denied the petition, and dismissed the proceeding.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court