Matter of Parietti v Day (2023 NY Slip Op 02093)

Matter of Parietti v Day

2023 NY Slip Op 02093

Decided on April 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-02574
2023-02576
2023-02578
 (Index No. 35210/22)

[*1]In the Matter of Michael I. Parietti, appellant,
v
Ed Day, etc., et al., respondents.

Michael I. Parietti, Suffern, NY, appellant pro se.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and David Imamura of counsel), for respondents.

DECISION & ORDER
In a purported proceeding, inter alia, pursuant to NY Const, article III, § 5, and Municipal Home Rule Law § 34(4), the petitioner appeals from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated January 31, 2023, (2) an order of the same court dated March 7, 2023, and (3) an order and judgment (one paper) of the same court dated March 10, 2023. The order dated January 31, 2023, denied the petitioner's application pursuant to NY Const, article III, § 5, to give precedence to this proceeding and for the petition to be decided within 60 days of the commencement of the proceeding. The order dated March 7, 2023, insofar as appealed from, denied that branch of the petitioner's motion which was for recusal. The order and judgment granted the respondents' motion pursuant to CPLR 404(a) and 3211(a) to dismiss the petition and, in effect, dismissed the proceeding.
ORDERED that the appeals from the orders are dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment is affirmed, without costs or disbursements.
The appeal from the order dated January 31, 2023, must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice, and leave to appeal has not been granted (see CPLR 5701[a][2]). The appeal from the order dated March 7, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
Following the 2020 decennial federal census (U.S. Dept. of Commerce, Census Bureau, Decennial Census of Population and Housing, 2020), the respondent Rockland County Legislature (hereinafter the County Legislature) began the redistricting process for its 17 county legislative districts to account for population changes that occurred between 2010 and 2020. On November 2, 2022, the County Legislature voted overwhelmingly in favor of adopting a new district map, with 13 votes in favor and only 1 in opposition. On November 22, 2022, the respondent Ed [*2]Day, the Rockland County Executive, signed the legislation into law.
On December 8, 2022, the petitioner commenced this proceeding against Day, the County Legislature, and the respondent Rockland County Board of Elections to challenge the new district map. The petitioner thereafter made an application pursuant to NY Const, article III, § 5, to give precedence to this proceeding and for the petition to be decided within 60 days of the commencement of the proceeding. By order dated January 31, 2023, the Supreme Court determined that NY Const, article III, § 5, was inapplicable to this proceeding and denied the application. The petitioner also moved, among other things, for recusal. By order dated March 7, 2023, the court, inter alia, denied that branch of the motion which was for recusal. The respondents moved pursuant to CPLR 404(a) and 3211(a) to dismiss the petition, asserting, among other things, that the petitioner lacked standing to pursue his claims and, in any event, that he had failed to state a cause of action. By order and judgment dated March 10, 2023, the court granted the respondents' motion and, in effect, dismissed the proceeding. The petitioner appeals.
"Judiciary Law § 14 prohibits a trial judge from presiding over any claim if he or she is related by consanguinity or affinity to any party to the controversy within the sixth degree. Similarly, Code of Judicial Conduct Canon 3(E)(1)(d)(i) calls upon a judge to disqualify himself or herself in a proceeding in which a person known by the judge to be within the sixth degree of relationship to the judge is a party to the proceeding" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, Intl. Assn. of Firefighters, AFL-CIO, 175 AD3d 676, 677 [alterations and internal quotation marks omitted]; see 22 NYCRR 100.3[E][1][d][i]). "Absent a legal disqualification under Judiciary Law § 14, the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court" (Matter of Lew v Sobel, 192 AD3d 799, 800-801 [internal quotation marks omitted]; see Matter of Walsh v Abramowitz, 78 AD3d 852, 853). "A court's decision in this respect may not be overturned unless it was an improvident exercise of discretion" (D'Andraia v Pesce, 103 AD3d 770, 771).
Here, the petitioner failed to establish a basis for mandatory disqualification pursuant to Judiciary Law § 14. The petitioner did not demonstrate, or even allege, that the Supreme Court had any familial relationship to any party to this proceeding. Moreover, he failed to set forth "any proof of bias or prejudice on the part of the [court] which would have warranted recusal" (Matter of Lew v Sobel, 192 AD3d at 801; see Matter of Shisgal v Abels, 179 AD3d 1070, 1070). Accordingly, the court providently exercised its discretion in denying that branch of the petitioner's motion which was for recusal.
Pursuant to the New York State Constitution, "[a]n apportionment by the legislature, or other body, shall be subject to review by the supreme court, at the suit of any citizen, under such reasonable regulations as the legislature may prescribe" (NY Const, art III, § 5). Contrary to the petitioner's contention, this provision is inapplicable to this matter because it only applies to an apportionment by the State Legislature or a body acting on its behalf or in relation to state legislative or congressional districts, such as the New York State Independent Redistricting Commission. Moreover, Municipal Home Rule Law § 34(4), which subjects redistricting plans adopted by charter counties "to federal and state constitutional requirements," does not render the judicial review provision of NY Const, article III, § 5, applicable to such redistricting plans. The terms of the statute relate to the redistricting process itself, a conclusion supported by the legislative history (see Bill Jacket, L 2021, ch 516).
Since the constitutional standing provision of NY Const, article III, § 5, is inapplicable here (cf. Matter of Harkenrider v Hochul, 38 NY3d 494, 508), traditional standing principles apply to the petitioner's claims. Contrary to the petitioner's contentions, the Supreme Court properly concluded that he lacked standing to pursue any claims pursuant to the Voting Rights Act, Municipal Home Rule Law § 34(4), or other authority relating to county legislative districts that he did not reside in, or any claims concerning alleged vote dilution impacting any minority groups of which he was not a member (see Gill v Whitford, _____ US _____, _____, 138 S Ct 1916, 1930; Matter of Festa v Town of Oyster Bay, 210 AD3d 678, 679; Suffolk County Democratic Comm. v Gaffney, 196 AD2d 799, 800).
In addition, the petitioner failed to demonstrate his standing to pursue his claims to the extent they relate to the district in which he resides, including his assertion that the new district map improperly advantaged the incumbent in the petitioner's district and that the district was insufficiently compact, since he did not allege sufficient facts in the petition establishing the requisite personal harm (see Matter of Festa v Town of Oyster Bay, 210 AD3d at 679; Matter of Montano v County Legislature of County of Suffolk, 70 AD3d 203, 216).
The petitioner's contention regarding the First Amendment to the United States Constitution is without merit.
Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the petition and, in effect, dismissed the proceeding.
In light of our determination, the petitioner's remaining contentions have been rendered academic.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court