Talos Capital Designated Activity Co. v 257 Church Holdings LLC (2023 NY Slip Op 02196)

Talos Capital Designated Activity Co. v 257 Church Holdings LLC

2023 NY Slip Op 02196

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 651458/20 Appeal No. 138 Case No. 2022-04451 

[*1]Talos Capital Designated Activity Company Formerly Known As Talos Capital Limited, Acting by and Through its Special Servicer, Green Loan Services LLC, Plaintiff-Respondent,
v
257 Church Holdings LLC et al., Defendants, Ben Ashkenazy, Defendant-Appellant.

Friedman Kaplan Seiler & Adelman LLP, New York (Robert S. Smith of counsel), for appellant.
Meister Seelig & Fein PLLC, New York (Stephen B. Meister of counsel), for respondent.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered October 12, 2022, which, to the extent appealed from as limited by the briefs, following an in camera review of documents submitted by defendant Ben Ashkenazy, found that the documents were not privileged and/or that any privilege had been waived, and ordered Ashkenazy to produce the documents to plaintiff Talos Capital Designated Activity Co. (Talos), and sua sponte granted Talos leave to move for summary judgment and sanctions against Ashkenazy and his counsel, unanimously modified, on the law, to vacate so much of the order that: found that Ashkenazy waived the attorney-client privilege by virtue of an "at issue" waiver; directed Ashkenazy to produce document Bates stamped number 7474 and other documents which the motion court found were producible because the attorney-client privilege had been waived by an at-issue waiver; and held that Ashkenazy and his counsel committed fraud on the court; and the matter remanded for further proceedings consistent herewith, and otherwise affirmed, without costs.
The motion court improperly found "at issue" waiver of the attorney-client privilege (see U.S. Bank N.A. v Lightstone Holdings LLC, 196 AD3d 445, 447—448 [1st Dept 2021]), lv denied 38 NY3d 913 [2022]; Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63-64 [1st Dept 2007]). That a privileged communication may contain information "relevant" to the issues being litigated, does not, without more, place the contents of the privileged communication itself "at issue" (Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370, 374 [1st Dept 2008]).
The motion court articulated a definition of "at issue" waiver so broad as to vitiate the attorney-client privilege any time a party argues that their interpretation of a contract differs from their adversary's. Moreover, the court found that Ashkenazy had injected his "understanding" of the documents into this litigation yet cited no instance where he had done so. To the contrary, Ashkenazy's arguments concerning the timing of his payment obligation have, at least to date, consistently been based on the text of the documents themselves. Even if Ashkenazy's position as to the timing of his payment obligation can impliedly be read to reflect or stem from his "understanding" of the loan documents, he has argued such "understanding" derives from the documents' text, and not from communications with counsel. Furthermore, unlike the cases Talos cites to, this is not a situation where Ashkenazy relies on his "good faith belief in the lawfulness of his conduct" or his having "thought" his interpretations here were "legal" based on communications with counsel (see e.g. Leviton Mfg. Co. v Greenberg Traurig LLP, 2010 WL 4983183, *3, 2010 US Dist LEXIS 128849, *8 [SD NY, Dec. 6, 2010, 09 Civ 8083 (GBD) (THK)]; Parneros v Barnes & Noble, Inc., 332 FRD 482, 501 [SD NY 2019]).
Talos's other arguments in support of this [*2]prong of the order are unavailing. For example, its articulation of "at issue" waiver is at least as overbroad as that of the motion court. Talos argues that the motion court correctly found "at issue" waiver because Ashkenazy, "by arguing that his obligation is due at maturity of the senior loan . . . placed the matter 'at issue,' thus waiving the attorney-client privilege over communications with his attorney on this issue." Thus, according to Talos, once a litigant makes an argument in a litigation, they waive the privilege that would otherwise attach to communications with their counsel concerning that argument. Talos cites no authority for this drastic formulation. Talos's remaining arguments are equally unavailing or premised on matters outside the record.
However, except for document Bates stamped 7474 and any other document that was ordered produced solely based on waiver of attorney-client privilege, Ashkenazy does not adequately show grounds for this Court to revisit the aspect of the order requiring him to produce documents that are producible on other grounds. The motion court cited grounds in addition to "at issue" waiver for ordering production, i.e., that certain documents concerned business matters, not legal advice, or copied third parties.
For the most part, the court did not specify which documents fell into the "at issue" waiver category or another category which would require production. The one specific exception is document Bates stamped 7474, which the court held was a document that went "directly to the heart of the timing issue of the obligation" (i.e., fell within its definition of "at issue" waiver). Other than "at issue" waiver, Ashkenazy only addresses the court's other grounds for ordering production for the first time in his reply brief on appeal. Accordingly, we decline to address Ashkenazy's arguments challenging the motion court's additional grounds, other than "at issue" waiver, for ordering production of the documents (see Mariette v Amber Ct. of Pelham Gardens LHCSA, LLC, 213 AD3d 413, 414 [1st Dept 2023]).
The motion court's determination that Ashkenazy and his counsel committed "fraud on the court" is also vacated. This determination was based on the court's view that documents reviewed in camera, in particular document Bates stamped 7474, definitively disprove Ashkenazy's litigation position that the loan documents are subject to more than one reasonable interpretation as to the timing of his payment obligation. However, Ashkenazy's obligations pursuant to the recourse guaranty, and the date on which he is to make payment of those obligations, are not expressly mentioned in the document Bates stamped 7474. As the motion court did not further explain its reasoning, it failed to articulate a sufficient basis for its finding that Ashkenazy and his counsel committed "fraud on the court," i.e., engaged in "willful conduct that is deceitful and obstructionistic, which injects misrepresentations and false [*3]information into the judicial process so serious that it undermines the integrity of the proceeding" (Bhim v Platz, 207 AD3d 511, 513 [2d Dept 2022]). Nor was this determination mere dicta, as Talos argues; it underlay the motion court's invitation to Talos to move for sanctions.
Insofar as the motion court's sua sponte invitation to Talos to file a summary judgment motion is not appealable as of right, we deem Ashkenazy's argument on this issue a request for leave to appeal and grant such leave, yet we nevertheless affirm this prong of the order (see e.g. BAC Home Loan Servicing, LP v Moreno, 182 AD3d 497, 498 [1st Dept 2020]). Contrary to Ashkenazy's contention, the order did not flout our prior decision in this action (Talos Capital Designated Activity Co. v 257 Church Holdings LLC, 205 AD3d 509 [1st Dept 2022]). In our prior decision, we did not opine as to the amount of discovery that would need to occur before another summary judgment motion could be made; instead, as relevant, we found only that, as against Ashkenazy, CPLR 3213 relief was not available based on the recourse guaranty and other loan documents.
Inasmuch as reassignment was not sought from the motion court, the issue is unpreserved for our review (see William Kaufman Org. v Graham & James, 269 AD2d 171, 174 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023