Matter of Shealyn S.-O. (John O.) (2025 NY Slip Op 02073)

Matter of Shealyn S.-O. (John O.)

2025 NY Slip Op 02073

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-04338
 (Docket Nos. N-2233-22, N-2234-22, N-2235-22, N-2236-22)

[*1]In the Matter of Shealyn S.-O. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; John O. (Anonymous), respondent. (Proceeding Nos. 1 and 2)
In the Matter of Shealyn S.-O. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Susan S. (Anonymous), respondent. (Proceeding Nos. 3 and 4)

Kelli M. O'Brien, Goshen, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Kimberly C. VanHaaster of counsel, for petitioner-respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the child appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), entered April 11, 2024. The order, insofar as appealed from, denied those branches of the child's motion which were for recusal of the Judge presiding and for leave to renew that branch of her prior motion which was to disqualify the petitioner's counsel, and, in effect, denied that branch of the child's motion which was for leave to reargue that branch of her prior motion which was to disqualify the petitioner's counsel.
ORDERED that the appeal from so much of the order as, in effect, denied that branch of the child's motion which was for leave to reargue that branch of her prior motion which was to disqualify the petitioner's counsel is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In May 2022, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father abused and the mother neglected the subject child. Later that year, the child moved, among other things, to disqualify the petitioner's counsel. In an order entered February 16, 2024, the Family Court, inter alia, denied that branch of the child's motion. The child thereafter moved, among other things, for recusal of the Judge presiding and for leave to renew that branch of her prior motion which was to disqualify the petitioner's counsel. In an order entered April 11, 2024, the court, inter alia, denied those branches of the child's motion. The child appeals.
"A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' (CPLR 2221[e][2]) and 'shall contain reasonable [*2]justification for the failure to present such facts on the prior motion' (CPLR 2221[e][3])" (Matter of Leslie J.D. [Maria A.A.G.—Silvia D.], 167 AD3d 1004, 1005). Here, the Family Court providently exercised its discretion in denying that branch of the child's motion which was for leave to renew that branch of her prior motion which was to disqualify the petitioner's counsel, since the "new facts" offered by the child would not have changed the prior determination (see Matter of O'Gorman v O'Gorman, 122 AD3d 744, 745; Wells Fargo Bank, N.A. v Caro, 82 AD3d 880, 882; Matter of Nathalia P., 22 AD3d 496, 497).
"Absent a legal disqualification under Judiciary Law § 14" or Code of Judicial Conduct Canon 3(E)(1)(d)(i), "the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court" (Matter of Parietti v Day, 215 AD3d 897, 899 [internal quotation marks omitted]; see 22 NYCRR 100.3[E][1][d][i]; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, Intl. Assn. of Firefighters, AFL-CIO, 175 AD3d 676, 677). "A court's decision in this respect may not be overturned unless it was an improvident exercise of discretion" (D'Andraia v Pesce, 103 AD3d 770, 771). "The denial of a recusal motion will constitute an improvident exercise of discretion only where the movant puts forth demonstrable proof of the judge's bias or prejudgment" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, Intl. Assn. of Firefighters, AFL-CIO, 175 AD3d at 678). Here, the child did not allege that the Judge presiding had "any familial relationship to any party to th[ese] proceeding[s]," and she "failed to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal" (Matter of Parietti v Day, 215 AD3d at 899 [alteration and internal quotation marks omitted]; see Schwarz v Schwarz, 150 AD3d 915, 918).
The child's remaining contentions are not properly before this Court.
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court