Meisels v Bernstein (2025 NY Slip Op 06855)

Meisels v Bernstein

2025 NY Slip Op 06855

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-11711
 (Index No. 6060/10)

[*1]Moshe Meisels, et al., respondents, 
v
Michael I. Bernstein, etc., et al., appellants, et al., defendants.

Haynes and Boone, LLP, New York, NY (Justin R. Bonanno and Brian Matthews of counsel), for appellants.
Catina & Mara, PLLC, New City, NY (Laura M. Catina of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and aiding and abetting fraud, the defendants Michael I. Bernstein and Michael I. Bernstein, P.A., appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated August 17, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against them, pursuant to CPLR 3126 to strike the complaint, and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiffs.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Michael I. Bernstein and Michael I. Bernstein, P.A., which was for summary judgment dismissing the first and second causes of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2007, the plaintiff Moshe Meisels allegedly invested funds with nonparty Eli Weinstein for a series of purchases of real property. In March 2010, the plaintiffs commenced this action against, among others, the defendants Michael I. Bernstein and Michael I. Bernstein, P.A. (hereinafter together the defendants), alleging, inter alia, that the defendants helped Weinstein convince Meisels to invest in the purchase of certain real property located in Miami, Florida, referred to as Riverside Place, under false pretenses.
The defendants moved, among other things, for summary judgment dismissing the first and second causes of action, alleging fraud and aiding and abetting fraud, respectively, insofar as asserted against them, pursuant to CPLR 3126 to strike the complaint, and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiffs. In an order dated August 17, 2023, the Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.
"On a motion for summary judgment, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Cenlar FSB v Lanzbom, 168 AD3d 670, 671 [internal quotation marks omitted]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 22). [*2]"The injury-in-fact requirement [of standing] necessitates a showing that the party has an actual legal stake in the matter being adjudicated and has suffered a cognizable harm that is not tenuous, ephemeral, or conjectural but is sufficiently concrete and particularized to warrant judicial intervention" (Matter of Festa v Town of Oyster Bay, 210 AD3d 678, 679-680 [internal quotation marks omitted]; see Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 50).
Here, in support of their motion, the defendants submitted wire transfer records and a complaint in an action commenced in 2009 in New Jersey by the plaintiffs and others against Weinstein and others (hereinafter the Weinstein complaint). The wire transfer records established that nonparty Rightmatch Ltd. (hereinafter Rightmatch), a London corporation, transferred the sum of $2,412,163.50 (hereinafter the transferred funds) to Weinstein's attorney. The Weinstein complaint alleged that the transferred funds were initially invested in a New Jersey property referred to as Berkeley Terrace. The Weinstein complaint further alleged that after Weinstein informed Meisels that Berkeley Terrace had been sold, Meisels directed Weinstein to apply the transferred funds, along with profits purportedly derived from the sale of Berkeley Terrace, to the purchase of Riverside Place. Therefore, the defendants established, prima facie, that the plaintiffs did not suffer a concrete and particularized injury (see Matter of Festa v Town of Oyster Bay, 210 AD3d at 680).
In opposition, the plaintiffs failed to raise a triable issue of fact. "A party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed" (Capital One, N.A. v Trubitsky, 206 AD3d 608, 610 [alteration and internal quotation marks omitted]; see Cussick v R.L. Baxter Bldg. Corp., 228 AD3d 614, 616). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings" (Cussick v R.L. Baxter Bldg. Corp., 228 AD3d at 616 [internal quotation marks omitted]; see Davis v Citibank, N.A., 116 AD3d 819, 821).
Here, the defendants submitted a witness statement of Meisels in a bankruptcy proceeding commenced against him in 2012 in a court in London, England, by Rightmatch in receivership. Meisels averred that the investments he facilitated in 2007 between Rightmatch and Weinstein were not his personal investments but those of Rightmatch. On the basis, among other things, of Meisels's representations in the witness statement, the London court dismissed the petition against him. Therefore, Meisels is judicially estopped from contending that he has standing because Rightmatch wired the transferred funds as a mere nominee (see Cussick v R.L. Baxter Bldg. Corp., 228 AD3d at 616).
Moreover, "'[a] person making or purporting to make a contract with another as an agent for a disclosed principal does not become a party to the contract absent an agreement or indication to that effect'" (Horn v Toback, 44 Misc 3d 42, 45 [App Term, 2d Dept, 9th & 10th Jud Dists], quoting 2A NY Jur 2d, Agency and Independent Contractors § 330). However, "[a]s between a principal and agent, an agent may bring the action: '(1) when the contract was made in the agent's name'" (Airlines Reporting Corp. v S & N Travel, 238 AD2d 292, 293 [internal quotation marks omitted], quoting College Mgt. Co. v Belcher Oil Co. of N.Y., 159 AD2d 339, 341; see CPLR 1004). Here, the plaintiffs do not contend that the Supreme Court erred in awarding summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the defendants. In any event, the plaintiffs did not submit a contract between Meisels and either of the defendants (see Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 774).
Contrary to the plaintiffs' contention, any assignment of Rightmatch's interests to the plaintiff Premier Estates NY, Inc. (hereinafter Premier Estates), did not confer standing upon Premier Estates, as Meisels averred in his affirmation submitted in opposition to the defendants' motion in this action that the money invested in Riverside Place did not belong to Rightmatch.
For these reasons, the plaintiffs failed to raise a triable issue of fact in opposition to the defendants' prima facie showing that the plaintiffs lack standing. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first and second causes of action insofar as asserted against them (see Matter of Festa [*3]v Town of Oyster Bay, 210 AD3d at 679-680).
However, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3126 to strike the complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiffs on the ground that the plaintiffs perpetrated a fraud on the court. "Misconduct amounting to a fraud on the court 'involves wilful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process so serious that it undermines the integrity of the proceeding'" (Bhim v Platz, 207 AD3d 511, 513, quoting CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318). "[I]n order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his [or her] adversary's defense of the action" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320 [internal quotation marks omitted]; see Bhim v Platz, 207 AD3d at 513). "A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and falsification of documents[,] concerns issues that are central to the truth-finding process" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320-321 [internal quotation marks omitted]; see Bhim v Platz, 207 AD3d at 513).
Here, while Meisels's representations regarding the nature of his relationship with Rightmatch were contradictory, the defendants failed to establish, by clear and convincing evidence, that Meisels engaged in conduct that would constitute a fraud on the court (see Sterling Trust Ltd. v Stern, 177 AD3d 928, 929).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court